IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No: 4:21CR3084 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MOTION TO DISMISS |
| vs. | ) | INDICTMENT AND BRIEF IN |
| | ) | SUPPORT OF MOTION AND |
| MONTRAY QUINTIN PATTON, | ) | REQUEST FOR ORAL ARGUMENT |
| | ) | |
| Defendant. | ) | |

Montray Quintin Patton, ("Patton"), the Defendant, by and through his attorney, hereby moves this Honorable Court to dismiss the indictment in this case pursuant to Fed. R. Crim R. 12(b)(3)(B)(v), due to the violation of Patton's rights under the Second and Fourteenth Amendments to the United States Constitution. Counsel for Mr. Patton also requests that this Motion be set for hearing for oral argument by the Parties.

Patton was Indicted pursuant to an alleged violation of 18 United States Code 922(k), which states that, "It shall be unlawful for any person knowingly to transport, ship, or receive, in interstate or foreign commerce, any firearm which has had the importer's or manufacturer's serial number removed, obliterated, or altered or to possess or receive any firearm which has had the importer's or manufacturer's serial number removed, obliterated, or altered and has, at any time, been shipped or transported in interstate or foreign commerce." Patton asserts that this statute is unconstitutional, and therefore the Indictment should be dismissed.

**FACTS**

The facts of this case were previously presented in a Brief in Support of a Motion to Suppress filed by prior defense counsel. In an effort to be efficient and to avoid redundancy, Counsel for Mr. Patton will only summarize those facts relevant to this issue to refamiliarize the

Court with the background in this matter. Mr. Patton was a passenger in a rental vehicle traveling from Kentucky to Washington after he visited his brother's grave. Patton had stopped in Chicago and picked up his cousin, Mr. Hart, to assist with the remainder of the drive. While in Seward County, Nebraska, law enforcement stopped the vehicle. The officer asserted that the failure to use a turn signal within 100 feet of the turn was the reason for the stop. Both Patton and Mr. Hart were questioned by the deputy during the stop. After speaking with Patton and Mr. Hart, the deputy asked both men for consent to search the vehicle, which they both denied. The deputy then called for a K-9 officer to come to search the vehicle. The dog alerted to the odor of narcotics, so a probable cause search of the vehicle was conducted. During that search, six Palmetto State Armory lower receivers to AR rifles were located. The serial number to each receiver had been removed. Patton was questioned regarding the missing serial number. He reported that he bought them from a man in Kentucky, and he was unaware the serial number had been removed. Patton was subsequently arrested for possession of a defaced firearm and then ultimately federally indicted.

## ARGUMENT

Since Patton was indicted on July 22nd, 2021, the United States Supreme Court filed an opinion which altered the constitutionality of 18 USC 922. In *New York State Rifle and Pistol Ass'n, Inc. v. Bruen,* the United States Supreme Court had to determine whether a law in New York that required proper cause to exist prior to a person obtaining a conceal and carry permit was constitutional. 142 S. Ct. 2111 (2022). Those citizens wishing to be able to carry a gun had to "demonstrate a special need for self-protection distinguishable from that of the general community." 142 S. Ct. 2111, 2111 (2022). While outlining its analysis, the Court explained

that it is, "consistent with *Heller* and *McDonald*, that the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside of the home." 142 S. Ct. 2111, 2122 (2022). Ultimately, the Supreme Court held that, "New York's proper-cause requirement violates the Fourteenth Amendment by preventing law-abiding citizens with ordinary self-defense needs from exercising their Second Amendment right to keep and bear arms in public for self-defense." 142 S. Ct. at 2111.

In reaching this conclusion, the Court declined to adopt the previously utilized two-part analysis in *Heller* and *McDonald.* The Court stated that, "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." 142 S. Ct. at 2125. The new analysis formulated in *Bruen* is that in order to maintain the regulation, the government must show that the regulation on firearms is consistent with the Nation's tradition of regulation. More specifically, Justice Thomas explained the new standard to be followed is that, "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command.'" 142 S. Ct. at 2125

Since the Court's decision in *Bruen*, other Circuits have analyzed the constitutionality of federal laws impacting a person's Second Amendment right, specifically those found in 18 U.S.C. § 922. In September 2022 in the Western District of Texas, a District Court found that in light of *Bruen*, 18 U.S.C. § 922(n), which prohibits those under felony indictment from shipping, transporting, or receiving a firearm, is unconstitutional. (*United States v. Quiroz,* PE-22-CR-

3

00104-DC, Doc. 82, 2022) United States v. Quiroz The Indictment filed against the Defendant was then dismissed. The District Court held that the conduct in the case of Quiroz was receiving. The District Court found that this conduct of receiving a firearm is protected by the Second Amendment. So, next the District Court had to determine whether prohibiting a person who is under indictment from receiving a firearm is consistent with historical regulations. After a lengthy recitation of the Nation's history, the District Court found that 922(n) is inconsistent with traditional firearm regulations, and therefore unconstitutional.

A month later in the Southern District of West Virginia, again looking to *Bruen* for guidance, the District Court found 18 U.S.C. § 922(k) to also be unconstitutional. (*United States v. Price,* 2-22-CR-97, 2022). United States v. Price Up until this point, no other Court had determined whether 922(k) is constitutional in a post-*Bruen* world. In looking at 922(k) pursuant to *Bruen's* two-part test, the District Court found that the conduct noted in 922(k) is protected by the Second Amendment since it criminalizes the mere possession of a firearm missing a serial number. Next, the District Court analyzed whether the criminalization of 922(k) is consistent with the Nation's tradition of firearm regulation. Although the District Court noted the argument that a firearm without a serial number could be used for nefarious acts, it also noted that this type of argument is the means to an end analysis that was previously utilized to determine the constitutionality of firearm regulations and which is has been rejected by the Supreme Court. Consequently, the District Court held that the criminalization of the mere possession of a firearm without a serial number is unconstitutional.

WHERERFORE, Mr. Patton respectfully requests that the Court set this matter for hearing allowing Parties to present oral arguments on this Motion, and, at the conclusion thereof,

enter an order dismissing the single count Indictment against Mr. Patton with prejudice for the reason that 18 U.S.C. § 922(k) is unconstitutional.

                                          Respectfully Submitted,
                                          Montray Quintin Patton, Defendant

By:    *s/ Candice C. Wooster*
        Candice C. Wooster, #25318
        Brennan, Nielsen, & Wooster Law Offices
        610 J Street, Suite 200
        Lincoln, NE 68508
        Phone: 402-441-4848
        Fax: 402-441-4840
        candice@brennannielsenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 17th, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to AUSA, Matt Molsen.

By:    *s/ Candice C. Wooster*
        Candice C. Wooster, #25318