IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>MONTRAY PATTON,<br><br>　　　　　　Defendant. | 4:21CR3084<br><br>GOVERNMENT'S BRIEF IN RESPONSE TO DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS |

　　　　An indictment was returned in July 2021 charging Mr. Montray Patton (hereafter "Patton") with possession of six Palmetto State Armory PA-15 rifles from which the manufacturer's serial numbers had been removed, in violation of 18 U.S.C. § 922(k). (Filing 1) Patton filed a motion to dismiss the indictment arguing § 922(k) is unconstitutional following the Supreme Court's ruling in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). (Filing 58) Magistrate Judge Zwart issued an order detailing her findings and recommendation that the motion to dismiss be denied. (Filing 64) Patton now objects to that order. (Filing 77) For the reasons outlined in the government's first brief (Filing 63), and for the reasons stated below, Patton's objections should be overruled, Magistrate Judge Zwart's findings and recommendation should be adopted, and the motion to dismiss should be denied.

　　　　The Supreme Court in *Bruen* rejected the means-end scrutiny analysis that courts had used in the wake of *D.C. v. Heller*, 554 U.S. 570 (2008). Rather, "[i]n keeping with Heller," *Bruen* clarified the two-step analysis in the Second Amendment context. *Bruen*, 142 S. Ct. at 2126. The initial question is whether "the Second Amendment's plain text covers an individual's conduct." *Id.* 142 S. Ct. at 2129–30. Otherwise stated, the question is whether the regulation infringes on or burdens the Second Amendment right to possess and carry firearms for self-defense. *Id.* at 2133 (citing McDonald v. City of Chicago, Ill., 561 U.S. 742, 767, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010)).

　　　　If Second Amendment rights are burdened, the Constitution

presumptively protects that conduct. *Bruen,* 142 S. Ct. at 2126. In that case, the Court should then address the second step in the *Bruen* analysis and determine whether the regulation "is consistent with this Nation's historical tradition." *Id.* Patton's argument fails under both prongs of the *Bruen* test.

Judge Zwart noted that six district courts have addressed this issue, with five finding that § 922(k) does not violate the Second Amendment. (Filing 64 at ECF p. 2) Since the time when Judge Zwart issued her order, two more district courts have weighed in. Both found that § 922(k) does not violate the Second Amendment. *See United States v. Bradley*, No. 2:22CR00098, 2023 WL 2621352 (S.D.W. Va. Mar. 23, 2023), and *United States v. Trujillo*, No. 1:21CR1422-WJ-1, 2023 WL 3114387 (D.N.M. Apr. 26, 2023), appeal dismissed, No. 23-2080, 2023 WL 5093358 (10th Cir. Aug. 9, 2023).

## I. Possession of a firearm with an obliterated serial number is not conduct protected by the Second Amendment's plain text.

Judge Zwart first found that § 922(k)'s prohibition on possessing defaced firearms does not implicate the Second Amendment. (Filing 64 at ECF p. 4) What the Second Amendment protects is "the individual right to possess and carry weapons in case of confrontation." *Bruen,* 142 S. Ct. at 2134 (quoting *Heller,* 554 U.S. at 592). It protects an individual right to possess firearms for self-defense. *Bruen,* 142 S. Ct. at 2122. It is the firearm's function as a tool for self-defense that is at the heart of what is protected.

In *Heller*, for example, the challenged statute "totally ban[ned] handgun possession in the home. It also require[d] that any lawful firearm in the home be disassembled or bound by a trigger lock at all times, rendering it inoperable." *Heller,* 554 U.S. at 628. Both facets of the statute infringed on the right to possess firearms for self-defense. "[T]he inherent right of self-defense has been central to the Second Amendment right. The handgun ban amounts to a prohibition of an entire class of 'arms' that is overwhelmingly chosen by American society for that lawful purpose." *Id.* Additionally, the Court also addressed the requirement "that firearms in the home be rendered and kept inoperable at all times. This makes it impossible for citizens to use them for the

core lawful purpose of self-defense and is hence unconstitutional." *Id.* at 630.

As Judge Zwart explained, § 922(k) "does not infringe on an individual's right to possess and carry a weapon for self-defense—the 'central component' protected by the Second Amendment." (Filing 64 at ECF p. 4; quoting *Bruen*, 142 S. Ct. at 2134) "[T]he presence of a serial number does not impair the use or functioning of a weapon in any way[.] ... [A] person is just as capable of defending himself with a marked firearm as with an unmarked firearm." *United States v. Holton*, 2022 WL 16701935, at *4 (N.D. Tex. Nov. 3, 2022) (quoting *United States v. Marzzarella*, 614 F.3d 85, 94 (3d Cir. 2010)). "[K]eeping a serial number doesn't reduce a gun's usefulness for self-defense, and obliterating a serial number doesn't make a gun more useful for self-defense." *United States v. Reyna*, 2022 WL 17714376, at *4 (N.D. Ind. Dec. 15, 2022).

The statutes at issue in *Heller* and *Bruen* directly infringed on an individual's ability to possess firearms for the purpose of self-defense. Section 922(k)'s requirement that a serial number not be removed, on the other hand, does not in any way interfere with a firearm's ability to function as a tool of self-defense. As such, § 922(k)'s prohibition on possessing defaced firearms does not implicate the Second Amendment.

In response to this, Patton argues that the right protected is "the mere possession of the firearm…" (Filing 77 at ECF p. 3) In Patton's view, because § 922(k) prohibits him from possessing a firearm from which the serial number has been removed, the statute prevents him from possessing a firearm and is therefore unconstitutional. The implication of Patton's argument is that any restriction impairs a person's ability to possess firearms, and is therefore unconstitutional. Patton's argument, however, cannot be squared with the Supreme Court's analysis in *Heller*. "Like most rights, the right secured by the Second Amendment is not unlimited. From Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose."

Because firearms with and without serial numbers are perfectly fungible, a prohibition on possessing defaced firearms does not prevent a person from possessing a firearm for the purpose of self-defense, or any other lawful purpose. The Second Amendment is, therefore, not implicated.

## II. Section 922(k) is consistent with the historical tradition of firearm regulation.

Even if the conduct regulated by § 922(k) were presumptively protected under the Second Amendment's plain text, the statute would be constitutional because it is "consistent with the Nation's historical tradition of firearm regulation." *Bruen*, 142 S. Ct. at 2130. The key is whether the traditional examples are "relevantly similar." *Bruen*, 142 S. Ct. at 2132. *Bruen* made clear that the government need only identify a "historical *analogue*, not a historical *twin*." *Id.* at 2133.

In support of the showing of a historical analogue, the government cited several examples of statutes enacted near the time when the Second Amendment was ratified which required markings to be kept on gun powder, and proof marks to be kept on firearm barrels. (Filing 63 at ECF pp. 10-12) Judge Zwart similarly relied on those statutes in her findings. (Filing 64 at ECF pp. 10-15) In addition to those examples, "[e]ven George Washington had all Continental Army firearms marked with an insignia to prevent theft." *Bradley*, 2023 WL 2621352, at *4, n.4 (S.D.W. Va. Mar. 23, 2023) (citing E. Wayne Carp, TO STARVE THE ARMY AT PLEASURE: CONTINENTAL ARMY ADMINISTRATION AND AMERICAN POLITICAL CULTURE, 1775-1783, 66-67 (1984)). The examples cited by the government provide a clear showing that § 922(k)'s requirement that firearms bear serial numbers is analogous to laws enforced around the time of the of the ratification of the Second Amendment.

In response to this, Patton focuses on the intent behind the laws. (Filing 77 at ECF p. 6) Patton's argument, however, goes beyond the analysis in *Bruen*. The ultimate question is "whether modern and historical regulations impose a comparable burden on the right of armed self-defense and whether

that burden is comparably justified." *Bruen*, 142 S. Ct. at 2133. As explained above, the requirement that serial numbers not be removed imposes no burden on Patton's ability to possess firearms for self-defense, nor did the historical examples impair an individual's ability to acquire firearms for self-defense.

## CONCLUSION

For the above stated reasons, and for the reasons stated in the government's first brief (Filing 63), the government respectfully requests that the Court overrule Patton's motion to dismiss the indictment.

UNITED STATES OF AMERICA,

Plaintiff

SUSAN LEHR
Acting United States Attorney
District of Nebraska

By: _____
MATTHEW R. MOLSEN, #22693
Assistant U.S. Attorney
487 Federal Building
100 Centennial Mall North
Lincoln, NE  68508-3865
Tel: (402) 437-5241
Fax: (402) 437-5390
E-mail: Matthew.Molsen@usdoj.gov