IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

MONTRAY PATTON,

Defendant.

4:21CR3084

PLEA AGREEMENT

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Susan T. Lehr, United States Attorney, and Matthew R. Molsen, First Assistant United States Attorney, and defendant, Montray Patton, and Candice Wooster, counsel for defendant, as follows:

## I
## THE PLEA

A.     CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to plead guilty to Count One of the Indictment. Count One charges a violation of Title 18, United States Code, Sections 922(k) and 924(a)(1)(B). Defendant further admits the forfeiture allegation as set forth in the Indictment. The parties agree the property to be forfeited is six Palmetto State Armory PA-15 multicaliber rifles and ammunition, seized by law enforcement on April 19, 2021.

B.     This is a conditional plea, pursuant to Federal Rule of Criminal Procedure (11)(a)(2) in that the defendant reserves the right to appeal the May 23, 2022, decision of the district court denying the defendant's motion to suppress evidence. The parties agree that if Defendant succeeds on appeal, the Government reserves the right to reinstate any dismissed charges and is relieved of any other promises and agreements made in exchange for the conditional guilty plea.

## II
## NATURE OF THE OFFENSE

A.     ELEMENTS EXPLAINED.

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1

1.  Defendant knowingly possessed a firearm that had moved from one state to another or from a foreign nation to the United States;

2.  The serial number of the firearm had been removed, altered or obliterated; and

3.  The defendant knew that the serial number had been removed, altered or obliterated.

B.  ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

On April 19, 2021, the defendant was a passenger in a vehicle being driven west on Interstate 80 in Seward County, Nebraska. During the course of the traffic stop, law enforcement officers searched the vehicle and discovered six disassembled AR-15 style rifles which had the serial numbers completely cut out of the frames of the rifles. The damage done to remove the serial numbers was readily apparent.

Patton stated that he had purchased the rifles from a person in Kentucky for $2,000.

## III
## PENALTIES

Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1.  A maximum of 5 years in prison;

2.  A maximum $250,000.00 fine;

3.  A mandatory special assessment of $100 per count; and

4.  A term of supervised release of not more than 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

5.  Possible ineligibility for certain Federal benefits.

## IV
## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or

2

regulatory authorities.

## V
## SENTENCING ISSUES

A.    SENTENCING AGREEMENTS.

Although the parties understand that the Guidelines are advisory and only one of the factors the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures (if applicable). Unless otherwise stated, all agreements as to sentencing issues are made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

If the defendant is found to be entitled to an offense level reduction under U.S.S.G. 3E1.1(a) for acceptance of responsibility, the United States hereby moves that the court reduce the defendant's offense level by one additional level, pursuant to U.S.S.G. § 3E1.1(b), if that paragraph otherwise applies.

B.    ACCEPTANCE OF RESPONSIBILITY.

Notwithstanding paragraph A above, the United States will not recommend any adjustment for Acceptance of Responsibility if defendant:

1.  Fails to admit a complete factual basis for the guilty plea at the time it is entered, or
2.  Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or
3.  Fails to appear in court, or
4.  Engages in additional criminal conduct, or
5.  Attempts to withdraw the guilty plea, or
6.  Refuses to abide by any lawful court order, or
7.  Contests or assists any third party in contesting the forfeiture of property(ies) seized or forfeited in connection with this case.

**The parties further agree the defendant will make no "blanket" objections to the criminal history calculation (specific objections based on stated grounds are permitted). Objections to criminal history on the basis that the defendant was not the person who was convicted of the offense(s) described in the presentence investigation report or on the basis that the defendant was not represented by counsel in connection with such conviction(s), if determined to be unfounded, are evidence the defendant has not accepted responsibility**

**and the parties agree no credit for acceptance of responsibility should be given.**

C.     ADJUSTMENTS, DEPARTURES & REDUCTIONS UNDER 18 U.S.C. § 3553(a).

The parties agree that defendant may request or recommend additional downward adjustments, departures, including criminal history departures under U.S.S.G. § 4A1.3, and sentence reductions under 18 U.S.C. § 3553(a), and that the United States will oppose any such downward adjustments, departures, and sentence reductions not set forth in Section V, paragraph A above.

D.     CRIMINAL HISTORY.

The parties have no agreement concerning the defendant's Criminal History Category, except that if defendant is determined to be a Career Offender, the parties agree that the defendant is automatically a Criminal History Category VI pursuant to U.S.S.G. § 4B1.1(b).

E.     "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

F.     RECOMMENDATION REGARDING CUSTODY.

The United States will recommend that defendant be sentenced to the low end of the advisory guideline range as calculated by the United States pursuant to this agreement.

G.     STIPULATED REMOVAL.

Defendant is aware of and acknowledges that his plea pursuant to this plea agreement may have immigration consequences up to and including possible deportation.

## VI
## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

4

(a) As provided in Section I above, (if this is a conditional guilty plea); and

(b) A claim of ineffective assistance of counsel.

(c) A right to file a motion under Section 3582(c)(1)(A);

    1. the general right to file a compassionate release motion;

    2. the right to file a second or successive such motion; or

    3. the right to appeal the denial of a compassionate release.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

(a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

(b) The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII
## BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII
## SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs the agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## IX
## MODIFICATION OF AGREEMENT MUST BE IN WRITING

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## X
## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA
SUSAN T. LEHR
United States Attorney

_10/16/2024_
Date

MATTHEW R. MOLSEN
FIRST ASSISTANT U.S. ATTORNEY

10/16/24

Date

Montray (Oct 16, 2024 11:25 PDT)

MONTRAY PATTON
DEFENDANT

10/16/2024

Date

CANDICE WOOSTER
COUNSEL FOR DEFENDANT

7

# Plea Agreement - Second (Patton) - 03-08-2024

Final Audit Report                                                    2024-10-16

| | |
|---|---|
| Created: | 2024-10-11 |
| By: | Candice Wooster (candice@brennannielsenlaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAX1WfFQ9620Gv5MnyAd7rkHTLb4d5NXzX |

## "Plea Agreement - Second (Patton) - 03-08-2024" History

📄 Document created by Candice Wooster (candice@brennannielsenlaw.com)
   2024-10-11 - 5:14:08 PM GMT

📧 Document emailed to Montray (bills4pattons@gmail.com) for signature
   2024-10-11 - 5:14:12 PM GMT

📄 Email viewed by Montray (bills4pattons@gmail.com)
   2024-10-16 - 6:24:02 PM GMT

✍ Document e-signed by Montray (bills4pattons@gmail.com)
   Signature Date: 2024-10-16 - 6:25:23 PM GMT - Time Source: server

✅ Agreement completed.
   2024-10-16 - 6:25:23 PM GMT