IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:21-CR-3084 |
| vs. | ORDER |
| MONTRAY QUINTIN PATTON, | |
| Defendant. | |

The defendant has filed a motion to withdraw his plea. Filing 125. A defendant may withdraw a plea after the Court accepts it, but before imposing sentence, if the defendant can show a fair and just reason for requesting the withdrawal. Fed. R. Crim. P. 11(d)(2)(B); *see United States v. Osei*, 679 F.3d 742, 746 (8th Cir. 2012). And even if the defendant shows a fair and just reason for withdrawal, the Court must consider other factors before granting the motion, such as whether the defendant asserts his innocence of the charge, the length of time between the plea and the motion to withdraw it, and whether the government will be prejudiced if the Court grants the motion. *United States v. McHenry*, 849 F.3d 699, 705 (8th Cir. 2017).

At least, those are the factors the Court would consider in an ordinary case, but this case is far from ordinary. In this case, the Court permitted the defendant to enter a plea remotely because of health problems that prevent him from traveling. *See* filing 123 at 3. The Court did so to accommodate the parties, despite serious concerns about the propriety of doing so. *See* Fed. R. Crim. P. 43(a)(1); *United States v. Bethea*, 888 F.3d 864, 866-67 (7th Cir. 2018).

But the only reason the Court was even somewhat comfortable permitting that was because the parties were waiving any objection to the

procedure. The Court has no doubt about the Magistrate Judge's careful exploration of the defendant's competency at the change of plea hearing. *See* filing 123 at 4-16. But when one of the parties has had a change of heart and is objecting to the plea, the Court is no longer comfortable with a change of plea that's vulnerable to collateral attack.

The Court isn't unsympathetic to the defendant's situation, but is done deferring to it. The Court will permit the defendant to withdraw his plea, and will set this case <u>for trial</u>. If the defendant wants to reconsider pleading guilty, he can change his plea to guilty again in person, in the courtroom. If there are continuing concerns about the defendant's mental competency, either party may file a motion for a psychiatric or psychological evaluation pursuant to 18 U.S.C. § 4241. If the defendant is genuinely unable to travel for a plea and sentencing or trial, the parties *could* explore the possibility of transferring this case to Washington pursuant to Fed. R. Crim. P. 20 or 21. Otherwise, the Court is confident that the U.S. Marshals can arrange for transportation to Nebraska, with or without the defendant's consent.

But regardless, the Court has handled this case the defendant's way for a long time, and gotten nowhere. It's time to actually progress this case toward resolution of one sort or another.

IT IS ORDERED:

1. The defendant's motion to withdraw his plea (filing 125) is granted.

2. The defendant's plea of guilty is withdrawn.

3. The Magistrate Judge's findings and recommendation on plea of guilty (filing 117) are terminated as moot.

4. The government's motion for preliminary order of forfeiture (filing 120) is denied without prejudice.

5. The time between July 22, 2021 and today's date is excludable time in any computation of time under the requirements of the Speedy Trial Act pursuant to 18 U.S.C. § 3161(i). Failing to timely object to this order will be deemed a waiver of any right to later claim the time should not have been excluded under the Speedy Trial Act.

6. This case is set for a jury trial before the undersigned judge in Courtroom 3, Robert V. Denney Federal Building and U.S. Courthouse, Lincoln, Nebraska, commencing at 9:00 a.m. on Monday, January 27, 2025, for a duration of 3 trial days.

Dated this 18th day of November, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge